(6 Misc. Rep. 216.)

RISK v. UFFELMAN et al.

(City Court of New York, General Term.   December 8, 1893.)

DISMISSAL OF ACTION—FAILURE TO RETURN SUMMONS.
   In an action in a district court of New York city, where the original summons and papers are not returned on the return day, and a defendant who has been served voluntarily appears, the justice may vacate an attachment granted therein, and dismiss the action on the copy summons, and other papers.

Appeal from trial term.

Action by William Risk against Richard Uffelman and Frederick Stege as sureties on an undertaking given in an attachment suit in which one Tilly Seligman was plaintiff and William Risk was defendant.  There was a judgment in favor of plaintiff, and defendants appeal.  Affirmed.

Argued before EHRLICH, C. J., and McCARTHY, J.

Uriah W. Tompkins, for appellants.

James R. Angel, for respondent.

McCARTHY, J. The justice of the district court had jurisdiction and control over all processes issuing out of his court, and could, on the return day of the summons, or at any other time to which the action was adjourned, vacate the warrant of attachment, and dismiss the action. Code Civil Proc. §§ 2916, 2917. The original summons and papers in the case of Tilly Seligman v. Risk were not returned to the court on the morning of the return day of the summons, but the defendant, who had been served with a copy of the summons and papers on the attachment, voluntarily appeared and answered; and, during the regular proceedings of the court, the justice, on motion of defendant's attorney, called the parties to the action, and, plaintiff failing to appear, vacated the attachment, and dismissed the action. This was done on the copy summons and other papers, and he had the power to do so. When the attachment was vacated, and the action dismissed, the plaintiff therein had a right of action against the sureties on the undertaking on attachment. The questions as to whether a levy had been made, and as to whether the property was sold by the marshal or under his directions, were disputed ones, and were therefore properly left to the jury, and on such questions their finding is conclusive. We find no material error in the case, and judgment should therefore be affirmed, with costs.